**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| TRANS READ WAREHOUSE, INC., | ) | Case No. 11-10709-JPC |
| | ) | (substantively consolidated) |
| Consolidated Debtors. | ) | Hon. Jacqueline P. Cox |
| | ) | |
| | ) | Hearing Date: June 26, 2012 |
| | ) | Hearing Time: 9:30 a.m. |

**NOTICE OF TRUSTEE'S MOTION FOR ORDER AUTHORIZING AND
APPROVING SALE OF REAL PROPERTY OF THE DEBTOR
<u>FREE AND CLEAR OF LIENS PURSUANT TO 11 U.S.C. § 363</u>**

TO:  PARTIES LISTED ON ATTACHED SERVICE LIST

**PLEASE TAKE NOTICE** that on **Tuesday, June 26, 2012, at 9:30 a.m. prevailing Central Time**, the undersigned shall appear before the Honorable Jacqueline P. Cox, Bankruptcy Judge of the United States Bankruptcy Court for the Northern District of Illinois, in the courtroom normally occupied by Her Honor, Courtroom 642, at 219 South Dearborn Street, Chicago, Illinois, and then and there shall present the **Motion For Order Authorizing and Approving Sale of Real Property of the Debtor Pursuant to 11 U.S.C. § 363 Free and Clear of Liens**, a true and correct copy of which is attached and served upon you.

Dated: June 4, 2012

Respectfully submitted,

GUS A. PALOIAN, not individually or
personally, but solely in his capacity as the
Chapter 7 Trustee of the Consolidated Debtors

By: <u>/s/ James B. Sowka</u>
    Gus A. Paloian (06188186)
    James B. Sowka (6291998)
    Christopher J. Harney (6296683)
    SEYFARTH SHAW LLP
    131 South Dearborn Street, Suite 2400
    Chicago, Illinois 60603
    Telephone: (312) 460-5000

    *Counsel to Gus A. Paloian, not
    individually or personally, but solely in
    his capacity as the Chapter 7 Trustee of
    the Consolidtaed Debtors*

14504496v.3

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that he caused a true and correct copy of the foregoing **Notice of Chapter 7 Trustee's Motion For Order Authorizing and Approving Sale of Real Property of the Debtor Pursuant to 11 U.S.C. § 363 Free and Clear of Liens** to be served (1) electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the appended Service List, and (2) via First Class U.S. Mail, postage prepaid, to those other parties identified on the attached Service List on this 4th day of June, 2012.

/s/James B. Sowka

14504496v.3

**TRANS READ WAREHOUSE INC. - 7035 PROPERTIES, INC.**
**Jointly Administered**
**Case No. 11-10709 and 11-10837**

**CM/ECF ELECTRONIC MAIL DISTRIBUTION**

| | |
|---|---|
| Francis X. Buckley | fxbuckleyjr@thompsoncoburn.com; aversis@thompsoncoburn.com |
| Paul Catanese | pcatanese@mcguirewoods.com, docket@mcguirewoods.com |
| Jeffrey A. Chadwick | jchadwick@mcguirewoods.com |
| David A. Eide | deide@ke-llp.com |
| Adam B. Goodman | adam@thegoodmanlawoffices.com |
| Allen J. Guon | aguon@shawgussis.com, sdelamora@shawgussis.com |
| Patrick S. Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Matthew G. Martinez | matthew.martinez@sidley.com, efilingnotice@sidley.com |
| Judith G. Miller | jmiller@jaffelaw.com |
| Michael G. Moody | mmoody@orourkeandmoody.com; firm@orourkeandmoody.com; morourke@orourkeandmoody.com |
| Marylynne K. Schwartz | mschwartz@shawgussis.com |
| Jessica Tovrov | jessica@tovrovlaw.com |
| Michael B. Weininger | mweininger@lw-llp.com, cpotter@lw-llp.com |

14504496v.3

**VIA UNITED STATES MAIL**

| | |
|---|---|
| 73 Street Sprinkler Association<br>P.O. Box 152<br>Bedford Park, IL 60499-0152<br>[no longer in business] | Care Sheet Metal & Roofing<br>9538 West 47th Street<br>Brookfield, IL 60513 |
| Chicago Office Products<br>9710 Industrial Drive<br>Bridgeview, IL 60455-2305 | Clearing Sprinkler Association<br>P.O. Box 114<br>Bedford Park, IL 60499-0114 |
| Cook County Treasurer<br>118 N. Clark Street, Room 112<br>Chicago, IL 60602 | Crescent Electric Supply Co.<br>P.O. Box 500<br>East Dubuque, IL 61025 |
| Exelon Energy<br>Attn: Bankruptcy Dept.<br>10 S. Dearborn Street<br>Chicago, IL 60603 | H&R Block<br>444 N. Michigan Avenue, Suite 470<br>Chicago, IL 60611-3988 |
| Home Depot<br>P.O. Box 6029<br>The Lakes, NV 88901-6029 | Klafter & Burke<br>225 W. Washington, Suite 1701<br>Chicago, IL 60606 |
| Mid American Energy<br>P.O. Box 8020<br>Davenport, IA 52808 | Sherwin Williams Co.<br>1510 W. 55th Street<br>Countryside, IL 60525 |
| Stanley Security Solutions<br>Dept. #10651<br>Palatine, IL 60055 | Sunlight Dust Control<br>P.O. Box 1139<br>Orland Park, IL 60462 |
| Village of Bedford Park<br>6701 S. Archer<br>Bedford Park, IL 60501 | Anderson Pest Control<br>501 W. Lake Street, Suite 204<br>Elmhurst, IL 60126 |
| Wet Solutions<br>5050 Newport Drive, Unit 7<br>Rolling Meadows, IL 60008 | Waste Management<br>(Attn: Gary Crohan)<br>P.O. Box 4648<br>Carol Stream, IL 60197 |
| AT&T<br>Corporate Office<br>208 South Akard Street<br>Dallas, TX 75202 | AIB International<br>1213 Bakers Way<br>P.O. Box 3999<br>Manhattan, KS 66505 |

| | |
|---|---|
| ACE USA<br>c/o Ferdinand (Fred) Innes<br>Assitant Vice President of Underwriting<br>ACE Workers Compensation<br>1 Beaver Valley Road<br>Wilmington, DE  19803 | GE Capital<br>c/o CT Corporation<br>Attn: Registered Agent<br>208 S. LaSalle Street, Suite 814<br>Chicago, IL  60604 |
| American Express Bank, FSB<br>c/o Becket and Lee LLP<br>P.O. Box 3001<br>Malvern, PA  19355-0701 | Mills Pallet Inc.<br>4500 W. Roosevelt Road<br>Chicago, IL  60624 |
| Assurance Agency LTD<br>One Century Center<br>1750 East Golf Road<br>Schaumburg, IL  60173 | RCS, Inc.<br>P.O. Box 901<br>Northvale, NJ  07547 |
| Debbie's Customized Staffing<br>4117 W. 47th Street<br>Chicago, IL  60632 | Stamar Packaging Equipment<br>P.O. Box 1157<br>Bedford Park, IL  60499 |
| Federal Express<br>c/o William Seligstein<br>TechConnect - Federal Express<br>3965 Airways Blvd.<br>Module G, 3rd Floor<br>Memphis, TN  38116 | Millennium Lawns, Inc.<br>7035 West 65th Street<br>Bedford Park, IL  60638 |
| Lewis R. Shapiro<br>Willow Creek Executive Center<br>550 W. Frontage Road, Suite 2775<br>Northfield, IL  60093 | Dimension/American Transportation<br>7035 West 65th Street<br>Bedford Park, IL  60638 |
| Sprint Nextel<br>Attn:  Bankruptcy Dept.<br>P.O. Box 7949<br>Overland Park, KS  66207-0949 | ADP Payroll Processing<br>ADP Blvd.<br>Roseland, NJ  07068 |
| Donald Spak<br>180 N. LaSalle Street, Suite 2510<br>Chicago, IL  60601 | AT&T<br>P.O. Box 6428<br>Carol Stream, IL 60197-6428 |
| Davis Athletic Equipment Company<br>7035 West 65th Street<br>Bedford Park, IL  60638 | All Type Construction<br>4038 Forest Ave.<br>Brookfield, IL  60513-2124 |

14504496v.3

| | |
|---|---|
| Out of Hand Graphics, Inc.<br>7035 West 65th Street<br>Bedford Park, IL 60638 | Amoco<br>P.O. Box<br>Carlsbad, CA 92008-9033<br>(not deliverable as addressed) |
| AAA Chicago Motor Club<br>975 Meridian Lake Drive<br>Aurora, IL 60504-4904 | Avaya INC<br>P.O. Box 5125<br>Carol Street, IL 60197-5125 |
| AT Bill Payment Center<br>Saginaw, MI 48663-0003<br>(not deliverable as addressed) | Bruske Brush Products<br>P.O. Box 669<br>7447 Duvan Dr.<br>Tinley Park, IL 60477-0669 |
| Advance Fire & Safety<br>8249 S. Meade Ave.<br>Burbank, IL 60459-1944 | Chicago Tire<br>16001 S. Van Buren Road<br>South Holland, IL 60473 |
| American Express<br>Box 0001<br>Los Angeles, CA 90096-8000 | Compliance Documents, LLC<br>1 Mechanic Street<br>Norwalk, CT 06850-3431<br>(not deliverable as addressed) |
| Atlas<br>5050 N. River Road<br>Schiller Park, IL 60176 | Country Gas Company<br>P.O. Box 269<br>Wasco, IL 60183 |
| Bedford Park Clearing Industrial<br>6535 South Central Avenue<br>Bedford Park, IL 60638 | Dynamex Seko Metro<br>939 West Lake<br>Chicago, IL 60607<br>(not deliverable as addressed) |
| CC Wagner & Company<br>6401 S. Archer Road<br>Summit, IL 60501 | Embarq<br>P.O. Box 96064<br>Charlotte, NC 28296-0064<br>(not deliverable as addressed) |
| Chemsol LLC<br>601 Carlson Parkway<br>Suite 400<br>Minnetonka, MN 55305-5226 | FP Mailing Solutions<br>140 N. Mitchell Ct<br>Addison, IL 60101 |
| Citibank, N.A.<br>701 East 60th Street North<br>Sioux Falls, SD 57117 | Filterfresh Chicago<br>36245 Treasury Center<br>Chicago, IL 60694-6200<br>(not deliverable as addressed) |

4

14504496v.3

| | |
|---|---|
| Colonial Pacific Leasing Corporation<br>c/o Reed Smith LLP<br>Attn: Timothy S. Harris<br>10 S. Wacker Drive, Suite 4000<br>Chicago, IL  60606-7506 | Frederick Corp.<br>11700 South Division Street<br>Blue Island, IL 60406 |
| Comcast<br>P.O. Box 105184<br>Atlanta, GA 30348-5184 | Grainger<br>Dept 829313683<br>Palatine, IL  60038-0001 |
| Commonwealth Edison Company<br>3 Lincoln Center<br>Oakbrook Terrace, IL  60181-4204 | HP Products Inc.<br>4220 Saguaro Trail<br>Indianapolis, IN 46268 |
| Copy Care<br>7115 North Ave<br>Oak Park, IL 60302 | Hinckley Springs<br>P.O. Box 660579<br>Dallas, TX 75266-0579 |
| Deluxe Business Checks<br>P.O. Box 742572<br>Cincinnati, OH 45274-2572 | Illinois Department of Agriculture<br>Bureau of Warehouses<br>P.O. Box 19281<br>Springfield, IL 62794-9281 |
| Elite Staffing<br>Department 10236<br>P.O. Box 87618<br>Chicago, IL 60680-0618 | Illinois Department of Employment Security<br>Attn:  Amelia Yabes<br>33 South State Street, 10th Floor<br>Chicago, IL  60603-2803 |
| Fire Protection Co.<br>12828 S. Ridgeway<br>Alsip, IL 60803 | Illinois Department of Revenue<br>P.O. Box 19035<br>Springfield, IL 62794-9035 |
| Field Packaging Group, LLC<br>P.O. Box 88279<br>Chicago, IL 60682-1279 | JJ Keller & Associates, Inc.<br>P.O. Box 548<br>Neenah, WI 54957-0548 |
| First Insurance Funding Corp.<br>450 Skokie Blvd.<br>Suite 1000<br>Northbrook, IL  60062 | K&L Gates LLP<br>70 West Madison Street<br>Suite 3100<br>Chicago, IL  60602-4244 |
| Gem Business Forms, Inc<br>5942 South Central Avenue<br>Chicago, IL  60638 | KT Dock Products Co.<br>427 S. Oltendorf Rd.<br>Streamwood, IL  60107 |

5

14504496v.3

| | |
|---|---|
| Great American Leasing Corp.<br>P.O. Box 609<br>Cedar Rapids, IA  52406-0609 | Kirk Tire Sales<br>3601 South Western Blvd.<br>Chicago, IL  60609 |
| Helson's Garage Door Store, Ltd.<br>5737 S. Harlem<br>Chicago, IL  60638-3107 | Label Master<br>P.O. Box 46402<br>Chicago, IL  60646-0402 |
| ITW Labels<br>75 Remittance Drive<br>Suite 3303<br>Chicago, IL  60675-3303 | Laser Image Office Equipment<br>281 S. Lincoln Street<br>Braidwood, IL  60408 |
| Illinois Department of Employment<br>P.O. Box 3637<br>Springfield, IL  62708-3637 | Liberty Mutual Insurance Group<br>75 Remittance Dr., Suite 1837<br>Chicago, IL 60675-1837<br>(not deliverable as addressed) |
| Inspired Communications, Inc.<br>1414 Montauk Ct<br>Bartlett, IL 60103 | Marlin Leasing<br>P.O. Box 13604<br>Philadelphia, PA 19101-3604 |
| Jerry Cundiff<br>214 Charleston Ave.<br>Romeoville, IL 60446 | Metro Industrial Tire Supply<br>9200 S. Harlen Avenue<br>Bridgeview, IL 60455<br>(not deliverable as addressed) |
| KCines Inc.<br>12559 Holiday Dr.<br>Unit D<br>Alsip, IL 60803 | Paltech Enterprises Inc.<br>860 East Jackson St.<br>Belvidere, IL 61008 |
| Kicks Welding Inc.<br>17310 Queen Elizabeth Ln.<br>Tinley Park, IL 60477 | RK Maintenance<br>17310 Queen Elizabeth Ln.<br>Tinley Park, IL 60477 |
| Komatsu Forklift USA, LLC<br>15868 Collection Center Drive<br>Chicago, IL 60693 | S&K Security Corp.<br>P.O. Box 789<br>Beecher, IL 60401 |
| LaGrange Medical Center<br>6170 Joliet Road<br>Countrywide, IL 60525 | Shell Oil Company<br>P.O. Box 689081<br>Des Moines, IL 50368-9081 |

6

14504496v.3

| | |
|---|---|
| Laughlin Logistics<br>88 East Main Street<br>PMP 6601<br>Mendham, NJ 07945 | South West Ace Hardware<br>6908 West Archer<br>Chicago, IL 60638-2320 |
| Macke Water Systems<br>P.O. Box 545<br>Wheeling, IL 60090-0545 | Standard Insurance Company<br>P.O. Box 5676<br>Portland, OR 97228-5676 |
| Merchants Marketing Inc.<br>16621 S. Coventry Lane<br>Lockport, IL 60441 | Uline<br>2200 S. Lakeside Drive<br>Waukegan, IL 60085 |
| Oak Park Copier Outlet<br>7115 W. North Avenue<br>Oak Park, IL 60302 | United States Treasury<br>Internal Revenue Service<br>Cincinnati, OH 45999-0012 |
| Phillips Electric, Inc.<br>110 North Williams<br>P.O. Box 105<br>Thornton, IL 60476-0105 | Salvatore A. Barbatano<br>Shaw Gussis Fishman Glantz<br>Wolfson & Towbin LLC<br>321 North Clark Street, Suite 800<br>Chicago, IL 60654 |
| R. Difoggio & Sam Plumbing<br>5712 W. 111th Street<br>Chicago Ridge, IL 60415 | Wells Fargo<br>300 Tri-State International<br>Suite 400<br>Lincolnshire, IL 60069-4417 |
| Roy Erikson Outdoor Maintenance<br>4430 W. 137th Place<br>Crestwood, IL 60445 | Signs by Slack<br>5537 South Archer Rd.<br>Summit, IL 60501 |
| Secretary of State<br>Michael J. Howlett Bldg.<br>501 S. 2nd Street, Room 222<br>Springfield, IL 62756 | United Office Systems<br>5400 Newport Drive<br>Suite 13<br>Rolling Meadows, IL 60008-3721 |
| Tennant<br>P.O. Box 71414<br>Chicago, IL 60694-1414 | UPS<br>P.O. Box 650580<br>Dallas, TX 75265-0580 |
| Patrick S. Layng<br>Office of the U.S. Trustee, Region 11<br>210 South Dearborn St., Room 873<br>Chicago, IL 60604-2027 | Vanguard Energy Services, L.L.C.<br>c/o Bryan Sims<br>Sims Law Firm, Ltd.<br>1755 Park Street, Suite 200<br>Naperville, IL 60563-8404 |

7

14504496v.3

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| TRANS READ WAREHOUSE, INC., | ) | Case No. 11-10709-JPC |
| | ) | (substantively consolidated) |
| Consolidated Debtors. | ) | Hon. Jacqueline P. Cox |
| | ) | |
| | ) | Hearing Date:  June 26, 2012 |
| | ) | Hearing Time:  9:30 a.m. |

**MOTION FOR ORDER AUTHORIZING AND
APPROVING SALE OF REAL PROPERTY OF THE DEBTOR
FREE AND CLEAR OF LIENS PURSUANT TO 11 U.S.C. § 363**

Gus A. Paloian, not personally or individually but solely as chapter 7 trustee ("Trustee") for the consolidated bankruptcy estates of Trans Read Warehouse Inc. ("Trans Read"), and 7035 Properties, Inc. ("7035"), the above-captioned debtors (the "Debtors"), through his attorneys, moves the Court (the "Motion") for entry of an order authorizing the sale of the 437,910 square foot warehouse and approximately 13 acres located at 7035 West 65th Street, Bedford Park, Illinois, ("Parcel 1") pursuant to an offer of purchase under a credit bid sale to The PrivateBank & Trust Company (the "Buyer" or "PrivateBank"), as is more fully set forth in the Contract to Sell ("Contract") attached to this Motion as **Exhibit A**.  In support of this Motion, the Trustee respectfully states as follows:

**JURISDICTION**

1.      This Court has subject matter jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

2.      Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

14504496v.3

3.     This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(1) and (b)(2)(N).

4.     The predicates for the relief requested herein are 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure 2002.

### I.     PROCEDURAL BACKGROUND

5.     On March 15, 2011, Trans Read filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  On March 16, 2011, 7035 filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Dates").  Trans Read previously filed for relief under Chapter 11 of the Bankruptcy Code in 2009.  The Bankruptcy Court entered a final decree in the 2009 bankruptcy case, Case No. 09-21854, on March 8, 2011.

6.     On April 18, 2011, PrivateBank filed an Application to Convert the Cases from Chapter 11 To Chapter 7 because of, among other things, Debtors' administrative insolvencies.  On May 5, 2011, the Bankruptcy Court entered orders converting the Debtors' Chapter 11 cases to cases under Chapter 7 ("Date of Conversion").  On May 12, 2011, the United States Trustee appointed Gus A. Paloian as the Chapter 7 trustee in the Cases.

7.     On May 31, 2011, the Bankruptcy Court granted the Trustee's: (a) Application for Joint Administration of the Trans Read and 7035 Bankruptcy Estates; (b) Application to Employ Rally Capital Services as Liquidating Agent ("Rally"); and (c) Application to employ Seyfarth Shaw, LLP.

8.     On June 2, 2011, the Bankruptcy Court granted the Trustee's: (a) Application to Authorize Chapter 7 Trustee to Operate Debtors' Businesses, Retroactively, Pursuant to Bankruptcy Code Section 721; and (b) Application to Use Cash Collateral thru: June 15, 2011.

9.     On June 30, 2011, the Bankruptcy Court entered a Final Cash Collateral Order, in which the Court found that the Debtors were jointly and severally indebted to PrivateBank by

2

reason of certain Loans and under certain Loan Documents entered into between the Debtors and PrivateBank, in the approximate amount of $5,435,591.

10. On August 30, 2011, the Bankruptcy Court entered an order approving the Trustee's Motion to retain a real estate broker to market and sell Parcel 1. The original list price for Parcel 1 was $4.99 million. Despite extensive marketing efforts at such price, calls from several interested parties, and walk-throughs of Parcel 1 with certain of such interested parties, the Trustee did not receive any purchase offers. Therefore, the Trustee, in consultation with PrivateBank, reduced the asking price to $4.23 million on October 27, 2011. The Trustee again reduced the list price to $3.9 million on February 22, 2012. To date, the Trustee has not received any purchase offers for Parcel 1 from outside parties.

11. On February 29, 2012, the Bankruptcy Court granted the Trustee's Motion for Substantive Consolidation, which consolidated lead case, 11-10709, Trans Read, with member case, 11-10837, 7035.

## II.   FACTUAL BACKGROUND

12. Trans Read was in the business of providing warehouse space and inventory control. Trans Read operated four warehouses with over 500,000 square feet of warehouse space, where it stored freight, including potentially hazardous materials owned by third party customers of Trans Read. Trans Read's operations included the loading and unloading of freight on pallets from semi-trucks by forklift operators. Trans Read's clients were responsible for all trucking arrangements. In accordance with the order authorizing the Trustee to operate the Debtors' businesses, the Trustee has liquidated substantially all of the third party inventory located at the Debtors' businesses.

13. 7035 owned three parcels of real estate comprised of the two warehouses that it leased to Trans Read, Parcel 1, and 5353 West 73rd Street, Bedford Park, Illinois ("Parcel 2");

3

and an undeveloped parcel of real estate at 7332 South Lockwood Avenue, Bedford Park, Illinois ("Parcel 3").

14. On December 1, 2011, the Bankruptcy Court granted the Trustee's Motion to Sell Parcel 2 and Parcel 3.

## PARCEL 1

15. As previously stated, Parcel 1 is a 437,910 square foot warehouse and approximately 13 acres located at 7035 West 65th Street, Bedford Park, Illinois.

16. As previously stated, the Consolidated Debtors are jointly and severally indebted to PrivateBank by reason of certain Loans and under certain Loan Documents entered into between the Debtors and PrivateBank, in the approximate amount of $5,435,591. PrivateBank's claim appears to total approximately $4.7 million, taking into consideration the pay-down related to the sale of Parcels 2 and 3 and advances made by Private Bank for real estate taxes on all parcels (the "PrivateBank Lien"). The value of the PrivateBank Lien far exceeds the market value of Parcel 1 at the current list price of $3.9 million.

17. For several months, the Trustee has made efforts through a commercial real estate broker to market and sell Parcel 1 without success. The continued holding costs for the estate are significant, as the Trustee requires the use of more than $20,000 in cash collateral per month to maintain Parcel 1, in addition to professional services provided by Rally, Trustee's counsel, and the Trustee. While operation and maintenance of Parcel does result in net rental income of approximately $12,000 per month, the Estate still incurs a net monthly operating loss of approximately $8,000, which to date has been paid for through of PrivateBank's cash collateral, notwithstanding professional fees.

18. PrivateBank has reviewed and valued Parcel 1 and desires to purchase it through a credit bid in the amount of $3.2 million on account of the PrivateBank Lien (the "Credit Bid

4

Sale"). Pursuant to the Contract, the purchase of Parcel 1 by PrivateBank through the Credit Bid Sale will relieve the Estate of the burden and expense of maintaining Parcel 1 and will reduce PrivateBank's claim against the Estate. Accordingly, the Trustee seeks authority to sell Parcel 1 to PrivateBank pursuant to the Credit Bid Sale.

## LEGAL AUTHORITY

19. Section 363(b)(1) of the Bankruptcy Code provides: "The Trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." Section 105(a) of the Bankruptcy Code provides in relevant part: "The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

20. A sale of a debtor's asset should be authorized pursuant to Section 363 of the Bankruptcy Code if a sound business purpose exists for doing so. *See, e.g., Fulton State Bank v. Schipper*, 933 F.2d 513, 515 (7th Cir. 1991); *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *In re Telesphere Communications, Inc.*, 179 B.R. 544, 552 (Bankr. N.D. Ill. 1999).

21. Once the trustee articulates a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company.'" *In re S.N.A. Nut Company*, 186 B.R. 98, 102 (Bankr. N.D. Ill. 1995); *In re Integrated Resources, Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992); *In re Johns-Manville Corp.*, 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986) ("A presumption of reasonableness attaches to a Debtor's management decisions.").

22. Indeed, when applying the "business judgment" rule, courts show great deference to trustees' decision-making. *See Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R.

5

310, 315 (Bankr. D. Utah 1981). Thus, this Court should grant the relief requested in this Motion if the Trustee demonstrates a sound business justification therefor. *See Schipper*, 933 F.2d at 515; In re Lionel Corp., 722 F.2d at 1071.

23. The Trustee has sound business justifications for selling Parcel 1 at this time, as maintain of Parcel 1 is burdensome and costly to the Estate and there do not appear to be any interested buyers. Therefore, the Credit Bid Sale will benefit the Estate. Furthermore, the Trustee believes that the sale of Parcel 1 to PrivateBank represents the best and highest offer, to purchase Parcel 1.

24. In addition to showing a business justification, for a sale under Section 363 to be approved, a trustee must show that: (a) the price is fair and reasonable; (b) the purchaser acted in good faith; and (c) adequate notice was provided. *In re Engineering Products Co.*, 121 B.R. 246, 247 (Bankr. E.D. Wis. 1990).

25. The Trustee submits that the price offered for Parcel 1 under the Credit Bid Sale is fair and reasonable.

26. Moreover, there can be no legitimate argument regarding the good faith of the Buyer in these circumstances since the PrivateBank Lien is more than twice the current market value of Parcel 1. Accordingly, the Trustee believes the Buyer should be entitled to all the protections of Section 363(m) of the Bankruptcy Code.

27. Furthermore, Section 363(f) permits the sale of the estate's property free and clear of any interest in such property if one of its conditions is met. At the time of this Motion, no entity has come forward with an objection to the sale. Accordingly, to the extent any additional entity has an interest in Parcel 1, and it is subject to doubt that any other entity does, this Court may authorize the sale of Parcel 1 pursuant to Section 363(f)(2) absent objection. *See*

6

*FutureSource LLC v. Reuters Ltd.*, 312 F.3d 281, 285 (7th Cir. 2002), *cert. denied*, 538 U.S. 962 (2003) ("[L]ack of objection (provided of course there is notice) counts as consent.") (citing *In re Tabone, Inc.*, 175 B.R. 855, 858 (Bankr. D.N.J. 1994); *In re Elliot*, 94 B.R. 343, 345-46 (Bankr. E.D. Pa. 1988) (implied consent satisfies § 363(f)(2)).

28. Section 363(m) of the Bankruptcy Code provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

29. While the Bankruptcy Code does not define "good faith," the Seventh Circuit, in *In the Matter of Andy Frain Services, Inc.*, held that:

> The requirement that a purchaser act in good faith . . . speaks to the integrity of his conduct in the course of the sale proceedings. Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.

798 F.2d 1113, 1125 (7th Cir. 1986) (emphasis omitted) (quoting *In re Rock Industries Machinery Corp.*, 572 F.2d 1195, 1198 (7th Cir. 1978) (interpreting Bankruptcy Rule 805, the precursor of § 363(m)).

30. As noted above, the Credit Bid Sale negotiated by and between the Buyer and the Trustee constitutes an arm's-length transaction. Therefore, the Trustee respectfully requests this Court make a finding that the Buyer has purchased Parcel 1 in good faith within the meaning of Section 363(m) and that the Trustee is authorized to execute and to perform the Contract.

## NOTICE

31. Rule 2002 of the Federal Rules of Bankruptcy Procedure provides that at least twenty-one (21) days' notice of this Motion must be given to the debtor and all creditors "unless

7

the court for cause shown shortens the time or directs another method of giving notice." Fed. R. Bankr. P. 2002(a)(2).

32.   Twenty-one (21) days' notice of this Motion has been given to: (i) the Office of the United States Trustee; (ii) all creditors; and (iii) all parties requesting notice.  The Trustee respectfully requests that the Court find and conclude that such notice is sufficient and that no other or further notice is required.

14504496v.3

WHEREFORE, the Trustee respectfully requests that the Court enter an order: (i) granting the Motion in all respects; (ii) authorizing the Trustee to sell Parcel 1 free and clear of all interests to PrivateBank under the Credit Bid Sale; (iii) approving the Contract and authorizing the Trustee to execute the Contract; (iv) finding that the Motion and Exhibit A thereto are deemed to satisfy the filing and service of an itemized statement as required by Rule 6004(f)(1); (v) that notwithstanding Federal Rule of Bankruptcy Procedure 6004(h), this Order shall not be stayed and shall be effective immediately upon entry; and (v) granting such other and further relief as this Court deems just and proper.

Dated: June 4, 2012

Respectfully submitted,

GUS A. PALOIAN, not individually or personally, but solely in his capacity as the Chapter 7 Trustee of the Consolidated Debtors

By: /s/ James B. Sowka
 Gus A. Paloian (06188186)
 James B. Sowka (6291998)
 Christopher J. Harney (6296683)
 SEYFARTH SHAW LLP
 131 South Dearborn Street, Suite 2400
 Chicago, Illinois 60603
 Telephone: (312) 460-5000

*Counsel to Gus A. Paloian, not individually or personally, but solely in his capacity as the Chapter 7 Trustee of the Consolidtaed Debtors*

9