pIN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| TRANS READ WAREHOUSE, INC., | ) | Case No. 11-10709-JPC |
| 7035 PROPERTIES, INC. | ) | Case No. 11-10837-JPC |
| | ) | (substantively consolidated) |
| | ) | Hon. Jacqueline P. Cox |
| Consolidated Debtors. | ) | |

## NOTICE OF FILING

TO:    **SEE ATTACHED SERVICE LIST**

**PLEASE TAKE NOTICE** that on the 16th day of October, 2017, the undersigned caused to be filed with the Clerk of the Bankruptcy Court for the Northern District of Illinois, Eastern Division, the **Trustee's Report of Deposit of Unclaimed Property** in the above-captioned matter, a copy of which is hereby served upon you.

Dated: October 16, 2017

Respectfully submitted,

GUS A. PALOIAN, not individually or personally, but solely in his capacity as the Chapter 7 Trustee of the Debtor's Estate,

By: */s/ Gus A. Paloian*
  Gus A. Paloian (06188186)
  SEYFARTH SHAW LLP
  131 South Dearborn Street, Suite 2400
  Chicago, Illinois 60603
  Telephone: (312) 460-5000
  Facsimile: (312) 460-7000
  gpaloian@seyfarth.com

  ***Chapter 7 Trustee***

41712705v.1

## CERTIFICATE OF SERVICE

      I here by certify that I caused a true and correct copy of the foregoing notice and the report identified therein to be served upon the persons listed on the attached service list at their respective addresses by electronic notice or first class mail, postage prepaid, as indicated, on October 16, 2017.

      /s/ Gus A. Paloian
      Gus A. Paloian

41712705v.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Chapter 7 |
| TRANS READ WAREHOUSE, INC., ) | Case No. 11-10709-JPC |
| 7035 PROPERTIES, INC. ) | Case No. 11-10837-JPC |
| ) | (substantively consolidated) |
| ) | Hon. Jacqueline P. Cox |
| Consolidated Debtors. ) | |
| ) | |
| ) | |
| _____ ) | |

**TRUSTEE'S REPORT OF DEPOSIT OF UNCLAIMED PROPERTY**

Gus A. Paloian, Trustee ("Trustee"), pursuant to 11 U.S.C. §347 and Rule 3011 of the Federal Rules of Bankruptcy procedure, provides the following report of Trustee's deposit of unclaimed property with the Clerk of the Bankruptcy Court:

1.  On March 15, 2011, Trans Read filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On March 16, 2011, 7035 filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Trans Read previously filed for relief under Chapter 11 of the Bankruptcy Code in 2009. The Bankruptcy Court entered a final decree in the 2009 bankruptcy case, Case No. 09-21854, on March 8, 2011.

2.  On April 18, 2011, The PrivateBank & Trust Company ("PrivateBank") filed an Application to Convert the Trans Read and 7035 bankruptcy cases (collectively, the "Cases"; hereinafter, "Cases" collectively shall refer to the Debtors' cases and, "Trans Read Case" and "7035 Case" shall refer to the individual bankruptcy cases of Trans Read and 7035, respectively) from Chapter 11 to Chapter 7 because of, among other things, Debtors' administrative insolvencies.

41712705v.1

3. On May 5, 2011, the Bankruptcy Court entered orders converting the Debtors' Chapter 11 cases to cases under Chapter 7. On May 12, 2011, the United States Trustee appointed Gus A. Paloian as the Trustee in the Cases.

4. On May 31, 2011, the Bankruptcy Court granted the Trustee's Application for Joint Administration of the Cases.

5. On June 2, 2011, the Bankruptcy Court granted the Trustee's: (a) Application to Authorize the Trustee to Operate Debtors' Businesses, Retroactively, Pursuant to Bankruptcy Code Section 721; and (b) Application to Use Cash Collateral through June 15, 2011.

6. On June 30, 2011, the Bankruptcy Court entered a Final Cash Collateral Order.

7. Pursuant to Paragraph 11(d) of the Final Cash Collateral Order (Dkt. No. 124) entered in the Trans Read Case, the Bank agreed to fund "actual, necessary, reasonable fees and expenses incurred by Seyfarth Shaw…to the extent approved by order of this Court, subject to 11 U.S.C. §§330 and 331 and local rules of the Court (referred to herein as "Carve Out")."

8. On February 29, 2012, the Bankruptcy Court entered an order granting the substantive consolidation of the 7035 and Trans Read Estates under consolidated Case No. 11-10709.

9. Trans Read was in the business of providing warehouse space and inventory control. Trans Read operated four warehouses with over 500,000 square feet of warehouse space, where it stored freight, including potentially hazardous materials owned by third party customers of Trans Read. Trans Read's operations included the loading and unloading of freight on pallets from semi-trucks by forklift operators. Trans Read's clients were responsible for all trucking arrangements. In accordance with the order authorizing the

Trustee to operate the Debtors' businesses, the Trustee managed the outward bound movement of all third party owned goods located at the Debtors' businesses.

10. The Trustee investigated the Debtors' assets, performed necessary wind down operations, liquidated inventory, directed staff/employees, negotiated with PrivateBank, creditors and customers and sold the underlying real estate in the 7035 Case.

11. On March 17, 2017, the Trustee sent distribution checks via U.S. Mail to the creditors listed on **Exhibit A**.

12. The distribution checks sent to Dennis P. Plzak, Dennis Plzak, Jr., Elizabeth C. Walker, Evelyn Plzak, Francisco Ayala, George Bell, George Bell, Miguel Diaz, Robert Anderson (the "Priority Claimants") on March 17, 2017 were never cashed.

13. All reasonable attempts have been expended to locate the Priority Claimants, with no success. These efforts include: (1) attempts to reach former employees of the Debtor for new address information, (2) calls to cell phone numbers listed as belonging to some of the Priority Claimants, (3) calls to general information services for published phone numbers or addresses, and (4) Internet searches for the last known address of the Priority Claimants.

14. The distribution checks sent to H&R Block, Anderson Pest Control and Chicago Dept. of Revenue (the "Administrative Claimants") on March 17, 2011 were also never cashed.

15. All reasonable attempts have been expended to re-issue checks to the Administrative Claimants, with no success. The Administrative Claimants do not recognize the Debtors as having accounts receivables on their books.

16. The original check numbers 5062, 5063, 5069, 5080, 5085, 5093, 5094, 5096, 5097 and 5098 have been voided, due to the amount of time that has lapsed since the checks were originally issued.

17. By reason of the foregoing, Trustee has stopped payment on the original distribution checks and has deposited the unclaimed funds by payment of same to the Clerk of the Bankruptcy Court pursuant to §347 of the Bankruptcy Code.

Dated: September 16, 2017

Respectfully submitted,

GUS A. PALOIAN, not individually or personally, but solely in his capacity as the Chapter 7 Trustee of the Debtor's Estate,

/s/ Gus A. Paloian, Trustee
 Gus A. Paloian (06188186)
 SEYFARTH SHAW LLP
 233 S. Wacker Drive, Suite 8000
 Chicago, Illinois 60606
 Telephone: (312) 460-5000
 Facsimile: (312) 460-7000
 gpaloian@seyfarth.com

***Chapter 7 Trustee***

41712705v.1

**Exhibit A**

| DATE | CHK # | CLAIMANT | AMOUNT |
|---|---|---|---|
| 3/17/17 | 5062 | H&R Block | $1,295.00 |
| 3/17/17 | 5063 | H&R Block | $1,362.00 |
| 3/17/17 | 5069 | Anderson Pest Control | $511.50 |
| 3/17/17 | 5080 | Anderson Pest Control | $558.00 |
| 3/17/17 | 5085 | Chicago Dept. of Revenue | $212.00 |
| 3/17/17 | 5093 | Dennis P. Plzak | $323.53 |
| 3/17/17 | 5094 | Dennis Plzak | $29.17 |
| 3/17/17 | 5096 | Elizabeth C. Walker | $34.32 |
| 3/17/17 | 5097 | Evelyn Plzak | $116.49 |
| 3/17/17 | 5098 | Francisco Ayala | $115.42 |
| 3/17/17 | 5100 | George Bell | $168.33 |
| 3/17/17 | 5101 | Miguel Diaz | $168.01 |
| 3/17/17 | 5102 | Robert Anderson | $139.54 |
|  |  | **TOTAL** | **$5,033.31** |

41712705v.1